## IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

(1) CHARLES ED LAIN, )
)
   Plaintiff, )
)
v. )
)
(1) BLUE CROSS AND BLUE )
  SHIELD OF OKLAHOMA, a )
  domestic unincorporated association, )
  and )  Case No.  CIV-21-690-HE
(2) HEALTH CARE SERVICE )
  CORPORATION, a foreign mutual )
  legal reserve company, and )
(3) FAMILY PRACTICE ASSOCIATES )
  OF ARDMORE, L.L.C., )
)
   Defendants. )
)

## NOTICE OF REMOVAL

Defendant Blue Cross and Blue Shield of Oklahoma ("BCBSOK" or "Defendant"), an unincorporated division of Health Care Service Corporation, a Mutual Legal Reserve Company ("HCSC") (incorrectly named as two separate entities in the above-captioned matter), hereby gives notice of its removal of Case No. CJ-2021-2329 from the District Court of Oklahoma County, State of Oklahoma, to the United States District Court for the Western District of Oklahoma pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. In support of this Notice, Defendant states as follows:

## BACKGROUND

1. On May 28, 2021, Plaintiff Charles Lain ("Plaintiff") filed a Petition (the "Original Petition" or "Pet.") in the District Court of Oklahoma County, State of Oklahoma, Case No. CJ-2021-2329. *See* Original Petition, attached as **Exhibit 2**. The

Original Petition named BCBSOK and HCSC as defendants and asserted claims for bad faith and breach of contract in connection with BCBSOK's denial of Plaintiff's health insurance claim for his cancer treatment. Pet., Ex. 2.

2.    On June 21, 2021, Plaintiff filed his First Amended Petition ("Amended Petition" or "Am. Pet."). The Amended Petition contained the same claims against BCBSOK as in the Original Petition, but added a negligence claim against Family Practice Associates of Ardmore, L.L.C. ("FPA"). *See* Amended Petition, attached as **Exhibit 3**. Plaintiff's negligence claim arises out of FPA's alleged negligent medical treatment and misdiagnosis in the months preceding Plaintiff's cancer diagnosis. *Id*. at ¶¶ 44-47.

## COMPLIANCE WITH REMOVAL STATUTES

3.    BCBSOK accepted service of the Original Petition on June 8, 2021. *See* Emails between Dianna Wyrick and Justin D. Meek, attached as **Exhibit 6**. Accordingly, this Notice of Removal is filed within the 30-day limit of 28 U.S.C. § 1446.

4.    Venue is proper in the United States District Court for the Western District of Oklahoma pursuant to 28 U.S.C. § 1446(a) because the District Court for Oklahoma County, State of Oklahoma, is located in this federal judicial district.

5.    Written notice of this Notice of Removal will be timely filed with the District Court for Oklahoma County, State of Oklahoma, and will be served on Plaintiff's counsel pursuant to 28 U.S.C. § 1446(d).

6.    Pursuant to 28 U.S.C. § 1446(a) and LCvR 81.2(a), true and legible copies of all process, pleadings, and orders served upon BCBSOK, as well as the state court docket sheet, are attached hereto as **Exhibits 1-5**.

7.    The undersigned has signed this Notice of Removal pursuant to Rule 11 of the Federal Rules of Civil Procedure in accordance with 28 U.S.C. § 1446(a).

## REMOVAL JURISDICTION

8.    Pursuant to 28 U.S.C. § 1332, the District Courts of the United States have original jurisdiction over any civil action where the matter in controversy exceeds the sum or value of $75,000 and is between citizens of different states.

### Amount in Controversy Exceeds $75,000

9.    Plaintiff's Amended Petition states that Plaintiff seeks damages "in excess of $75,000" against BCBSOK, as well as an unspecified amount of punitive damages. Am. Pet. at ¶ 50.  Thus, the amount in controversy meets the requirement for diversity jurisdiction. 28 U.S.C. § 1332(a)(1).

### Complete Diversity of Citizenship Exists Between the Proper Parties

10.    Removal is proper because there is complete diversity of citizenship between the *proper* parties to this lawsuit. Plaintiff is a resident and citizen of Love County, Oklahoma. Am. Pet. at ¶ 1.

11.    Defendant BCBSOK is a resident of Illinois for diversity purposes. *Shattuck Pharmacy Mgmt. P.C. v. Prime Therapeutics, LLC*, No. CIV-21-0221-F, 2021 WL 2667518, at *4 (W.D. Okla. June 29, 2021) (holding "BCBSOK is deemed a citizen of Illinois" for diversity purposes).  Plaintiff's Amended Petition incorrectly alleges that

BCBSOK is an "unincorporated association in the State of Oklahoma." Am. Pet. at ¶ 6. This characterization of BCBSOK is inaccurate. BCBSOK is an unincorporated division of HCSC and is a citizen of the state in which HCSC is incorporated and maintains its principal place of business. *See Shattuck Pharmacy Mgmt.*, 2021 WL 2667518 at *4 ("As an unincorporated division of HCSC, the citizenship of BCBSOK is the same as the citizenship of HCSC."); *see also Equifax Servs., Inc. v. Hitz*, 905 F.2d 1355, 1358 n.2 (10th Cir. 1990) ("For diversity purposes, unincorporated division's citizenship is same as corporation of which it is a part." (citing *Brunswick Corp. v. Jones*, 784 F.2d 271, 275 n.3 (7th Cir. 1986))); *Hesse v. Blue Cross Blue Shield of Texas*, No. 4:ll-CV-362, 2011 WL 4025453, at *3-4 (E.D. Tex. Aug. 15, 2011) (finding that Blue Cross Blue Shield of Texas, another unincorporated division of HCSC, was a citizen of Illinois because "[i]t is clear that Defendant is a division of HCSC").

12.     HCSC is a citizen of Illinois for diversity purposes. *Shattuck Pharmacy Mgmt.*, 2021 WL 2667518 at *4 ("HCSC was (and is) considered to be an Illinois corporation, making HCSC a citizen of Illinois for purposes of diversity." (citation omitted)); *Priddy v. Healthcare Servs. Corp.*, No. 14-3360, 2016 WL 1122844, at *1 (C.D. Ill. Mar. 22, 2016) ("HCSC is an Illinois Mutual Reserve Insurance Company with its domicile and principal place of business in Chicago, Illinois."); *Coghlan v. Blue Cross Blue Shield of Texas*, No. H-12-2703, 2013 WL 150711, at *1-3 (S.D. Tex. Jan 14, 2019) ("It is clear that Defendant is a division of *HCSC, an Illinois corporation, with its principal place of business in Illinois*[.]" (emphasis added) (quoting *Hesse*, 2011 WL 4025453 at *3-4)). As an unincorporated division of an Illinois corporation, BCBSOK is

likewise a citizen of Illinois. *Shattuck Pharmacy Mgmt.*, 2021 WL 2667518 at \*4 ("The court has found that HCSC's citizenship is Illinois. Accordingly, BCBSOK is deemed a citizen of Illinois."); *Fisher v. Blue Cross & Blue Shield of Tex.*, 879 F. Supp. 2d 581, 587 (N.D. Tex. 2012) (finding that Blue Cross and Blue Shield of Texas, another unincorporated division of Health Care Service Corporation, is a citizen of Illinois for diversity purposes); *Coghlan*, 2013 WL 150711 at \*1-3 (denying plaintiff's motion to remand action against Blue Cross Blue Shield of Texas, an unincorporated division of HCSC, because the division was an Illinois citizen and complete diversity existed). Accordingly, because BCBSOK is a citizen of Illinois and Plaintiff is a citizen of Oklahoma, complete diversity exists between Plaintiff and BCBSOK.

13.     Defendant FPA, although not a proper party to this action, is an Oklahoma limited liability company with its principal place of business in Ardmore, Carter County, Oklahoma. Am. Pet. at ¶ 11.  Thus, FPA is a citizen of Oklahoma for diversity purposes. However, as explained in detail below, FPA's citizenship does not destroy diversity jurisdiction because FPA was fraudulently misjoined in this action.

**Defendant FPA Was Fraudulently Misjoined to Defeat Diversity Jurisdiction**

14.     Plaintiff's Original Petition met the requirements for diversity jurisdiction and was removable. *See generally* Pet., Ex. 2.  The Original Petition asserted claims against BCBSOK, an Illinois resident, and sought damages in excess of $75,000. *Id*. Prior to BCBSOK's removal deadline, however, Plaintiff filed his Amended Petition, adding a claim against an in-state defendant in an effort to destroy diversity and avoid removal.

15.    Plaintiff's Amended Petition joins a negligence claim against FPA, an Oklahoma resident, with claims for bad faith and breach of contract against BCBSOK. FPA's residency should be disregarded, however, because Plaintiff's claim against FPA is wholly unrelated to the claim against BCBSOK, resulting in fraudulent misjoinder.

16.    "Fraudulent misjoinder occurs when a plaintiff sues a diverse defendant in state court and joins a non-diverse or in-state defendant even though the plaintiff has no reasonable procedural basis to join such defendants in one action." *Bunnell v. Okla. MH Props., LP.*, No. CIV-12-372-R, 2012 WL 12863916, at *1 (W.D. Okla. May 11, 2012) (citing *Lafalier v. State Farm Fire & Cas. Co.*, 391 F. App'x 732, 739 (10th Cir. 2010)). A plaintiff lacks a "procedural basis" to join multiple claims when the claims are "wholly distinct" from one another and are insufficient for joinder under Fed. R. Civ. P. 20. *Lafalier*, 391 F. App'x at 739 (citing *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1360 (11th Cir. 1996)).  Rule 20 permits multiple defendants to be joined in a single action only if (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; ***and*** (B) any question of law or fact common to all defendants will arise in the action. Fed. R. Civ. P. 20(a)(2)(A)-(B).

17.    Where a claim against a non-diverse party is fraudulently misjoined with an unrelated claim against an out-of-state party, the improper joinder cannot act to defeat diversity jurisdiction for the properly joined defendant's claim. *See*, *e.g., Bunnell*, 2012 WL 12863916 at *1-2 (retaining federal jurisdiction and denying motion to remand with respect to claims against a diverse defendant where the non-diverse defendant was

fraudulently misjoined); *Burns v. W. S. Life Ins. Co.*, 298 F. Supp. 2d 401, 404 (S.D. W. Va. 2004) (same); *Rudder v. Kmart Corp.*, No. CIV. A. 97-0272-BH-S, 1997 WL 907916, at *5-6 (S.D. Ala. Oct. 15, 1997) (same); *Greene v. Wyeth*, 344 F. Supp. 2d 674, 685 (D. Nev. 2004) (same).

18.     Here, Plaintiff's claims against BCBSOK and FPA do not meet the requirements for joinder under Rule 20.  Rather, the joinder of Plaintiff's claims against BCBSOK and FPA are a clear example of an effort to use fraudulent misjoinder to defeat diversity jurisdiction.  Removal is therefore proper under the doctrine of fraudulent misjoinder.

19.     First, Plaintiff's claims do not arise out of the same transaction or occurrence. *See* Fed. R. Civ. P. 20(a)(2)(A) (permitting joinder of multiple defendants if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences").  Plaintiff's negligence claim against FPA arises from FPA's alleged misdiagnosis of Plaintiff's cancer in the months preceding the Plaintiff's cancer diagnosis in July 2019. Am. Pet. at ¶¶ 44-48.  Plaintiff's claim against BCBSOK, on the other hand, alleges that BCBSOK improperly denied Plaintiff's insurance claim for cancer treatment provided by another medical provider—*not* FPA—after Plaintiff's cancer was properly diagnosed. *See generally* Am. Pet. These two "occurrences"—the alleged negligent diagnosis by one health care provider and the alleged failure to pay for treatment provided from a separate medical provider—are wholly unrelated to each other.  There is

"no evidence of any connection whatsoever between the [defendants] or their respective transactions." *Rudder*, 1997 WL 907916 at *5. Accordingly, these claims do not arise out of the same transaction or occurrence and are "nothing more than a transparent artifice to defeat the diversity jurisdiction of this court." *Id.* at *6. In short, the fact that plaintiff's cancer was misdiagnosed by FPA is wholly unrelated to whether BCBSOK covered treatment for that cancer, provided by a non-party medical provider, once the cancer was allegedly properly diagnosed.

20.    Second, Plaintiff's claims do not share any common issues of law. *See* Fed. R. Civ. P. 20(a)(2)(B) (permitting joinder of multiple defendants if, in addition to the same transaction or occurrence requirement, "any question of law or fact common to all defendants will arise in the action"). The claim against BCBSOK is based in contract, while the claim against FPA is based in tort. Each claim will require an analysis of completely different legal elements, and the conduct of either party is not likely to influence the legal outcome on any of the elements in the claim against the other. Trying these claims together will not "serve any legitimate purpose of fairness or judicial efficiency." *Rudder*, 1997 WL 907916 at *5.

21.    Finally, Plaintiff's claims do not share any common questions of fact. *See* Fed. R. Civ. P. 20(a)(2)(B) (permitting joinder of multiple defendants if, in addition to the same transaction or occurrence requirement, "any question of law or fact common to all defendants will arise in the action"). As noted above, the alleged actions of FPA and BCBSOK are wholly separate and distinct—there is no factual connection between the actions of either of these defendants.

22.    Plaintiff's negligence claim against FPA centers around FPA's alleged negligence in misdiagnosing Plaintiff's cancer. Am. Pet. at ¶ 45. This alleged negligence occurred in the months prior to Plaintiff's proper diagnosis in July 2019. *Id.* Consideration of this claim will likely involve an extensive investigation into Plaintiff's medical records at that time and whether FPA's conduct complied with relevant standards of medical care in the months *prior to* Plaintiff's cancer diagnosis.  There is no allegation relating to BCBSOK with respect to the alleged negligent misdiagnoses of cancer.

23.    Plaintiff's claim against BCBSOK, on the other hand, arises out of facts occurring *after* Plaintiff's cancer was properly diagnosed.  Plaintiff alleges that once his cancer was properly diagnosed he sought treatment from a different, non-party medical provider, and that BCBSOK allegedly failed to cover that treatment.  Am. Pet. at ¶¶ 16-21. A determination of liability on this claim will likely involve facts surrounding the medical necessity of the treatment sought by the second provider, BCBSOK's processing of the insurance claim and appeals of that claim, and an analysis of the terms of the health insurance policy at issue, none of which have any relevance to whether FPA negligently misdiagnosed Plaintiff's cancer in the first instance.

24.    The allegations against FPA and [BCBSOK] occurred at different times, in different places, and involved completely distinct and unrelated conduct. *See generally* Am. Pet. Thus, "the facts that form the bases for the claims are unique" and there "is no significant identity between the [defendants] or their claims from a transactional, factual, or legal standpoint." *Burns*, 298 F. Supp. 2d at 403 (finding procedural misjoinder where claims involved unrelated conduct by each defendant).

25.     Plaintiff's sole reference to a commonality between the separate claims is his "cancer diagnosis." Am. Pet. at ¶ 13.   The mere fact that Plaintiff had cancer, however, is not a common question of fact to the claims against FPA and BCBSOK and thus cannot form the basis for joinder.   *Bunnell* is directly on point.   In that case, the plaintiff's property was damaged by a tornado.   *Bunnell*, 2012 WL 12863916 at *1.   The plaintiff attempted to join a contract claim against his insurer for failure to pay his property insurance claim with a negligence claim against his landowner for failure to maintain storm shelters before the tornado. *Id*.   Plaintiff's position was that the tornado was a common fact to both claims and thus the claims were properly joined. *Id*. The court disagreed. *Id*. In holding that the claims were fraudulently misjoined the court noted "[t]hat a tornado occurred on the day in question is a documented fact. No *question* of fact common to all Defendants arises just because the claim against the Oklahoma Defendants and the claims against the movants would not have arisen but for the tornado." *Id*. Similarly here, the fact that Plaintiff was diagnosed with cancer is a documented fact. Am. Pet. at ¶ 16.   But the diagnosis itself does not create any common questions of fact between the otherwise unrelated claims, even though both claims would not have arisen but for the fact that Plaintiff had cancer.   Thus, just as in *Bunnell*, the claims against FPA and BCBSOK are fraudulently misjoined.

26.     In sum, Plaintiff's claims against BCBSOK and FPA do not arise out of the same transaction or occurrence, nor do they share common questions of law or fact as required for joinder under Rule 20.   Accordingly, Plaintiff "had no reasonable procedural basis to join the Oklahoma Defendant[] in this case," and the claims against FPA were

fraudulently misjoined to this action. *Bunnell*, 2012 WL 12863916 at *1. Because complete diversity exists between Plaintiff and BCBSOK, the proper parties to this lawsuit, and the amount in controversy exceeds $75,000, removal of this action is proper and this Court may exercise diversity jurisdiction under 28 U.S.C. § 1332(a)(1).

### Consent of Co-Defendants

27.     Pursuant to 28 § 1446(b)(2)(A), all Defendants who have been *properly* joined and served must join in or consent to the removal of the action. Because, as established above, FPA was not properly joined, its consent to this removal is not required.

### <u>CONCLUSION</u>

28.     Based on the foregoing and other documents filed contemporaneously with this Notice of Removal and fully incorporated herein by reference, BCBSOK hereby removes this case to this Court for trial and determination.

Dated:  July 8, 2021                          Respectfully submitted,

                                        s/Kevin D. Gordon
                                        KEVIN D. GORDON, OBA #10826
                                        PAIGE A. MASTERS, OBA #31142
                                        **CROWE & DUNLEVY**
                                        A Professional Corporation
                                        Braniff Building
                                        324 N. Robinson Ave.
                                        Suite 100
                                        Oklahoma City, OK 73102-8273
                                        (405) 235-7700
                                        (405) 239-6651 (Facsimile)
                                        kevin.gordon@crowedunlevy.com
                                        paige.masters@crowedunlevy.com

                                        –AND–

MARTIN J. BISHOP
ROBERT DEEGAN
**REED SMITH LLP**
10 S. Wacker Dr., Fourth Floor
Chicago, Illinois 60606
Telephone: (312) 207-1000
Facsimile: (312) 207-6400
mbishop@reedsmith.com
rdeegan@reedsmith.com

DIANNA C. WYRICK
**REED SMITH LLP**
225 Fifth Avenue
Pittsburgh, PA 15222
Telephone:  (412) 288-3131
Facsimile:  (412) 288-3063
dwyrck@reedsmith.com

**ATTORNEYS FOR DEFENDANT BLUE CROSS AND BLUE SHIELD OF OKLAHOMA**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 8th day of July, 2021, I electronically transmitted the foregoing document to the Court Clerk using the ECF system of filing, which will transmit a Notice of Electronic Filing to the following ECF registrants:

**Justin D. Meek**              jmeek@46legal.com

**Thomas A. Paruolo**          tom@46legal.com

**Kevin Cunningham**          kcunningham@46legal.com

Further, this is to certify that a copy of said Notice of Removal will be hand-delivered to the Oklahoma County Court Clerk, in Oklahoma City, Oklahoma, for filing on July 8, 2021.

s/ Kevin D. Gordon_____

Kevin D. Gordon
