# EXHIBIT 2

*Summons*

# IN THE DISTRICT COURT OF OKLAHOMA COUNTY
## STATE OF OKLAHOMA

| | |
|---|---|
| CHARLES ED LAIN, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> BLUE CROSS AND BLUE SHIELD OF ) <br> OKLAHOMA, a domestic unincorporated ) <br> association, and HEALTH CARE SERVICE ) <br> CORPORATION, a foreign mutual legal reserve ) <br> company, ) <br> ) <br> Defendants. ) | Case No.: CJ-2021-2329 <br><br> FILED IN DISTRICT COURT <br> OKLAHOMA COUNTY <br><br> MAY 28 2021 <br><br> RICK WARREN <br> COURT CLERK <br> 107 _____ |

## PETITION

Plaintiff, Charles Lain, for his cause of action against Defendants Blue Cross and Blue Shield of Oklahoma and Health Care Service Corporation, alleges and states as follows:

### JURISDICTION AND VENUE

1. Plaintiff, Charles Lain, is a resident and citizen of Love County, Oklahoma.

2. Defendant Blue Cross and Blue Shield of Oklahoma ("BCBS") operates under the common name Blue Cross Blue Shield of Oklahoma in the state of Oklahoma as an unincorporated division of Defendant Health Care Service Corporation, a mutual legal reserve company.

3. Defendant BCBS is an entity comprised entirely of Oklahoma members, policyholders, and citizens.

4. Defendant BCBS maintains headquarters in Oklahoma and issues and underwrites insurance policies in every county in Oklahoma.

5. Defendant BCBS has its own company President and officer that is responsible for the overall strategic direction of BCBS, including operations, sales and account management, network management, health care management, medical policy and external affairs.

6. As an unincorporated association in the State of Oklahoma, Defendant BCBS may be served with process by delivering a copy of the summons and of the petition to an officer, a managing or general agent located at 1400 South Boston, Tulsa, Oklahoma, 74119.

7. Under Oklahoma law, unincorporated associations like BCBS have the capacity to sue or to be sued in the State of Oklahoma.

8. Defendant Health Care Service Corporation is a mutual legal reserve company doing business in the State of Oklahoma as Blue Cross Blue Shield of Oklahoma ("BCBS"), an unincorporated association.

9. Defendant Health Care Service Corporation is authorized to transact business within the State of Oklahoma and may be served with process through its service agent, Glen Mulready, Oklahoma Insurance Commissioner, 5 Corporate Plaza, Suite 100, 3625 NW 56th Street, Oklahoma City, Oklahoma 73112.

10. For purposes of jurisdiction, Defendant BCBS should be treated as a separate, unincorporated association with members and policyholder owners comprised entirely of Oklahoma citizens and policyholders because Health Care Service Corporation is a mutual legal reserve company rather than a corporation registered with the Secretary of State of the State of Illinois.

11. At all times relevant to this matter, Plaintiff was insured by Defendants under an individual, health insurance policy, Group No: OG1800, Member ID: YUQ927727581 (the "Policy").

12. The Policy, and all state law claims and causes of action arising out of and related to the Policy, are exempt from ERISA preemption.

13. In July 2019, Plaintiff was diagnosed with anal cancer. Due to various factors impacting Plaintiff's health and safety, his treating oncologist determined that his cancer should be treated utilizing Proton Beam Therapy radiation ("PBT").

14. Plaintiff submitted a claim for insurance coverage and benefits under the Policy for treatment of his life-threatening cancer utilizing PBT.

15. On August 21, 2019, Defendants denied Plaintiff's claim for PBT.

16. On August 23, 2019, Plaintiff submitted an appeal of BCBS's denial, which included a letter from MD Anderson Cancer Center in support of coverage for the recommended treatment.

17. On or about August 26, 2019, Plaintiff initiated an external review appeal, which included the appeal letter from MD Anderson containing information and evidence in support of coverage for the recommended treatment.

18. Plaintiff's external review and appeal to Defendants were denied on August 30, 2019.

19. Plaintiff has exhausted all appeals and reviews, internal and external, of his claim under the Policy.

20. At all times, Plaintiff complied with the terms of the insurance policy required for coverage.

21. Plaintiff properly submitted a claim for health insurance benefits under the insurance policy.

22. Defendants owed Plaintiff specific obligations under the terms of the insurance policy.

23. Specifically, Defendants are obligated to pay for medical treatment and other covered services under the terms of the insurance policy.

24. Defendants are obligated to pay for medical treatment that is medically necessary and not experimental or investigational.

25. The PBT recommended for Plaintiff's cancer is medically necessary and is not experimental or investigational and was therefore covered under Plaintiff's Policy.

26. Defendants were provided specific information and evidence by Plaintiff's doctors and medical providers establishing that the recommended treatment is necessary given Plaintiff's medical condition.

27. Defendants failed to cover the treatment recommended by Plaintiff's doctors, despite appeals and the submission of evidence and information establishing that the required treatment is the standard of care for Plaintiff's condition.

28. Defendants have improperly caused delays in medical treatment for Plaintiff by delaying claim decisions or arbitrarily denying claims and forcing Plaintiff to initiate appeals.

29. The acts and omissions of Defendants, in the investigation, evaluation and decision on Plaintiff's claims were unreasonable, improper, and in violation of the terms of the Policy and applicable law.

30. Defendants, as insurers, owe Plaintiff, as an insured, a duty to deal fairly and act in good faith under Oklahoma law.

31. The acts and omissions of Defendants in the investigation, evaluation, delay and decision on Plaintiff's claims were unreasonable, improper, contrary to established medical standards, and constitute bad faith for which extra-contractual damages are claimed.

32. Defendants breached the contract and acted unreasonably and in bad faith by:

    a. failing to cover Plaintiff's claims,

    b. refusing to pay for Plaintiff's PBT treatment,

    c. forcing Plaintiff to initiate appeals without providing reasonable and adequate consideration of the information submitted by or on Plaintiff's behalf as part of said appeals,

    d. improperly and arbitrarily denying coverage for medical treatments,

    e. ignoring evidence that the recommended treatment has been established as the medical standard of care,

    f. violating Oklahoma statutes regarding proton beam therapy and medical reviews,

    g. supplanting Defendants' own interests ahead of the interests of its insured, and

    h. otherwise implementing and executing a claims decision process that fails to establish and follow adequate standards for claims handling.

33. Defendants failed to handle Plaintiff's claim consistent with Oklahoma law applicable to the specific treatment recommended by Plaintiff's treating physicians and for which Defendant denied coverage.

34. Defendants wrongfully denied Plaintiff's claim based on incorrect and outdated information and failed to consider Plaintiff's overall medical condition.

35. Defendants failed to properly consider and apply Oklahoma laws applicable to Plaintiff's recommended treatment and resulting claim for insurance benefits.

36. Defendants recklessly disregarded its duty to deal fairly and act in good faith as its conduct was unreasonable and there was a high probability that the denial of Plaintiff's claims would cause serious harm to Plaintiff.

37. As a direct and proximate result of Defendants' bad faith, Plaintiff has suffered damages in excess of $75,000.00, including pain and suffering, mental anguish, loss of reputation, embarrassment, and personal injuries.

38. The acts and omissions of Defendants in the handling of Plaintiff's claim were with reckless disregard for the rights of others and/or were done intentionally and with malice and/or were life threatening to humans, therefore, Plaintiff is entitled to recover punitive damages.

39. Alternatively, the acts of omissions of Defendants in handling Plaintiff's claims were with reckless disregard for the rights of others and/or were done intentionally and with malice and/or were life threatening to humans, therefore, Plaintiff is entitled to recover punitive damages.

WHEREFORE, Plaintiff prays for judgment against the Defendants, for his compensatory and punitive damages, together with court costs, attorneys' fees, interest, and any further relief the Court deems just and equitable. The amount sought as damages is in excess of the amount required for diversity jurisdiction pursuant to §1332 of Title 28 of the United States Code.

Respectfully submitted,

/s/ Justin D. Meek

Justin D. Meek, OBA #21294
Thomas A. Paruolo, OBA #18442
Kevin Cunningham, OBA #22117
**DEWITT PARUOLO & MEEK**
P.O. Box 138800
Oklahoma City, OK 73113
Phone: 405/705-3600
Fax: 405/705-2573
jmeek@46legal.com
tom@46legal.com
morton@46legal.com
kcunningham@46legal.com

**JURY TRIAL DEMANDED**
**ATTORNEY LIEN CLAIMED**

6