IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CHARLES ED LAIN,<br><br>    Plaintiff,<br><br>v.<br><br>BLUE CROSS AND BLUE SHIELD OF OKLAHOMA, a domestic unincorporated association, and HEALTH CARE SERVICE CORPORATION, a foreign mutual legal reserve company, and FAMILY PRACTICE ASSOCIATES OF ARDMORE, L.L.C.,<br><br>    Defendants. | Case No. 5:21-CV-00690-HE |

## DEFENDANT BLUE CROSS AND BLUE SHIELD OF OKLAHOMA'S MOTION TO DISMISS AND MEMORANDUM IN SUPPORT

Defendant Blue Cross and Blue Shield of Oklahoma ("BCBSOK"), an unincorporated division of Health Care Service Corporation, an Illinois Mutual Legal Reserve Company ("HCSC") (incorrectly named as two entities in the above-captioned matter) moves this Court pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss Plaintiff's First Amended Petition (Docket No. 1, the "Amended Petition" or "Am. Pet."). In support of this Motion, Defendant states as follows:

### I.    INTRODUCTION

Charles Lain ("Plaintiff") is insured under a BCBSOK health insurance policy (the "Policy"). He brought this action against BCBSOK alleging that BCBSOK wrongfully denied payment for Plaintiff's healthcare claim. *See generally* Am. Pet. Specifically, Plaintiff alleges that BCBSOK (1) committed breach of contract and (2) acted in bad faith

by denying his claim for Proton Beam Therapy radiation ("PBT") treatment. *Id.* at ¶ 36. Plaintiff, however, offers only conclusory allegations that are insufficient to state a plausible claim for relief pursuant to the pleading standards of Rule 12(b)(6). Thus, Plaintiff's Amended Petition fails to establish that BCBSOK breached the Policy terms or acted in bad faith and must be dismissed.

First, Plaintiff fails to allege facts sufficient to establish that BCBSOK breached the Policy. At a minimum, Plaintiff must identify and plead the terms of the Policy that BCBSOK allegedly breached and provide facts establishing how those terms were breached. Though Plaintiff alleges generally that BCBSOK breached the Policy by failing to cover his claim for PBT treatment (*see* Am. Pet., ¶ 36), he fails to identify or cite to any provision of the Policy that requires BCBSOK to cover his claim. *See generally id.* Rather, Plaintiff merely pleads that BCBSOK was "obligated" to cover his claim and that the failure to pay the claim constitutes a breach. *Id.* at ¶¶ 26-29. These conclusory allegations are insufficient to plead a plausible breach of contract claim.

Second, Plaintiff fails to allege sufficient facts to demonstrate that BCBSOK's denial of his claim, even if incorrect, was done in bad faith. Plaintiff recites a variety of boilerplate conclusions in an attempt to establish that BCBSOK acted in bad faith but does not support these allegations with any specific facts. For example, Plaintiff alleges that BCBSOK violated Oklahoma laws, but fails to identify a single statute that BCBSOK purportedly violated, much less specify the conduct he believes violated such statutes. Similarly, Plaintiff repeatedly alleges that BCBSOK acted "unreasonably" during its claim investigation and denial, but the Amended Petition does not describe any specific conduct

by BCBSOK that was allegedly unreasonable under the circumstances. Further, Plaintiff alleges that BCBSOK failed to comply with "medical standards," but there are no factual allegations defining these purported standards or describing how BCBSOK failed to comply with them. Rather Plaintiff's Amended Petition establishes nothing more than that, in his view, BCBSOK's denial was improper. Allegations that a denial was incorrect are not enough to state a claim for bad faith under Oklahoma law. Without some alleged factual basis to establish either breach of contract or bad faith, both of these claims must be dismissed. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## II. FACTUAL BACKGROUND[1]

In July 2019, Plaintiff was diagnosed with cancer. Am. Pet., ¶ 16. Plaintiff's doctors recommended PBT treatment, and Plaintiff submitted an insurance claim to BCBSOK for coverage of this treatment. *Id.* at ¶¶ 17-18. BCBSOK denied Plaintiff's claim on August 21, 2019, but Plaintiff does not specify the reason for this denial. *Id.* at ¶ 19. On August 23, 2019, Plaintiff submitted an internal appeal to BCBSOK, along with a letter from his doctors supporting the treatment. *Id.* at ¶ 20. BCBSOK denied his appeal on August 30, 2019. *Id.* at ¶ 22. Plaintiff also submitted an external review appeal on August 26, 2019 with the same information, which was likewise denied on August 30, 2019. *Id.* at ¶¶ 21-22. Plaintiff has exhausted all of his internal and external appeals under the Policy. *Id.* at ¶ 23.

---

[1] BCBSOK accepts Plaintiff's allegations as true only for the purposes of this Motion to Dismiss.

Plaintiff alleges that BCBSOK's denial of his claim resulted in a breach of his insurance Policy. *Id.* at ¶ 36. Plaintiff asserts that the denial was improper because BCBSOK is obligated to pay for medical treatment and other covered services under the terms of the insurance policy, including medically necessary treatment. *Id.* at ¶ 27. According to Plaintiff, his PBT treatment should have been covered because it was medically necessary and was not experimental or investigational. *Id.* at ¶ 29. As a result, BCBSOK's denial was in breach of the Policy. *Id.* at ¶ 36. Plaintiff also asserts a bad faith claim based on BCBSOK's investigation and denial of his claim. *Id.* at ¶ 36. Plaintiff alleges that BCBSOK improperly caused delays, violated Oklahoma laws, acted contrary to medical standards, and improperly investigated his claim and appeal. *Id.* at ¶¶ 32-39. As a result, Plaintiff is seeking damages for pain and suffering, mental anguish, loss of reputation, embarrassment, and personal injuries. *Id.* at ¶ 41. Plaintiff also seeks punitive damages. *Id.* at ¶ 42.

### III. STANDARD OF REVIEW

A court should grant a motion to dismiss when a complaint contains only a "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), Plaintiff's "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). The complaint must include "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678. Plaintiff's mere conclusory allegations, however, are not entitled to the

assumption of truth. *Id.* To the contrary, "[t]he allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief." *Robbins v. Okla. Dep't of Human Servs.*, 519 F.3d 1242, 1247 (10th Cir. 2008). "Plausibility refers to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs have not nudged their claims across the line from conceivable to plausible." *Id.*

This requirement "serves not only to weed out claims that do not (in the absence of additional allegations) have a reasonable prospect of success, but also to inform the defendants of the actual grounds of the claim against them." *Id.* at 1248. That is because the "essential function of a complaint under modern pleading is twofold to give opposing parties fair notice of the basis of the claim against them so they may respond to the complaint, and to apprise the court of sufficient allegations to conclude, if the allegations are proved, that the claimant has a legal right to relief." *Perington Wholesale, Inc. v. Burger King Corp.*, 631 F.2d 1369, 1371 (10th Cir. 1979).

### IV.   ARGUMENT AND AUTHORITIES

#### A. Plaintiff Does Not Plead Sufficient Facts To Establish The Elements Of A Breach Of Contract Claim.

To establish a breach of contract claim, a plaintiff must allege facts that establish (1) the existence of a contract, (2) a breach of that contract, and (3) damages proximately caused from that breach. *Digital Design Grp., Inc. v. Info. Builders, Inc.*, 2001 OK 21, ¶ 33, 24 P.3d 834, 843. This standard is not satisfied by pleading "merely conclusory allegations." *Wheeler's Meat Mkt., Inc. v. Travelers Cas. Ins. Co. of Am.*, No. 17-CV-523-

M, 2017 WL 11557097, at *2 (W.D. Okla. Sept. 25, 2017) (dismissing breach of contract claim that was based on "merely conclusory allegations" because such allegations are "insufficient to state a claim upon which relief may be granted").

In the insurance context, "the burden is on plaintiff to specifically allege the provision of the policy that provides coverage." *Coonce v. Auto. Club of Am.*, No. CIV-17-279-RAW, 2017 WL 6347165, at *3 (E.D. Okla. Dec. 12, 2017), *aff'd Coonce v. CSAA Fire & Cas. Ins. Co.*, 748 F. App'x 782 (10th Cir. 2018). Plaintiff must also plead facts which put the defendant on notice of exactly how it allegedly breached the contract. *See Erikson v. BP Exploration & Prod.*, 567 F. App'x 637, 639 (10th Cir. 2014) (affirming the dismissal of a breach of contract claim because there were "no factual allegations from which a breach could be inferred"); *see also Duckett v. Cameron Univ.*, No. CIV-08-1386-R, 2009 WL 10671886, at *4 (W.D. Okla. Mar. 4, 2009) (dismissing a breach of contract claim because plaintiffs failed to allege the existence of an agreement "beyond the speculative level" and because plaintiffs failed to specify how the defendant breached the alleged agreement).

Courts consistently dismiss breach of contract claims against insurers where, like here, the plaintiff merely alleges in a conclusory manner that the insurer breached the policy. For example, in *Ruffin v. State Farm Fire & Casualty Co.*, the petition alleged that the insurer "'breached its contractual obligations under the terms and conditions of the insurance contract . . . by failing to pay all benefits owed.'" No. CIV-14-1071-F, 2014 WL 12730326, at *1 (W.D. Okla. Dec. 16, 2014). In dismissing the claim, the court held that

because the plaintiff failed to specifically identify the benefits that he was allegedly entitled to under the policy, the allegations were "merely consistent with unlawful conduct or the possibility of unlawful conduct and [we]re insufficient." *Id.* (citing *Twombly*, 550 U.S. at 566-69). As such, the allegations did not state a plausible breach of contract claim. *Id.* Likewise, the Northern District of Oklahoma recently dismissed a breach of contract claim where the petition alleged that the insurer "owe[d] [plaintiff] benefits and obligations under the terms and conditions of the policy," was "obligated to timely pay for [plaintiff]'s treatment," and "wrongfully denied insurance coverage benefits." *Mantooth v. Health Care Serv. Corp.*, No. 20-CV-578-TCK-JFJ, 2021 WL 256803, at *2 (N.D. Okla. Jan. 25, 2021). The court dismissed the claim on the basis that these "merely conclusory allegations" were insufficient to state a plausible breach of contract claim under Oklahoma law. *Id.*

Here, Plaintiff likewise fails to state a plausible breach of contract claim because he does not specifically allege the existence of coverage or facts that establish that BCBSOK breached the Policy. First, Plaintiff does not identify *any* provision of the Policy that provides coverage for his claim. *Coonce*, 2017 WL 6347165 at *3 (dismissing breach of contract claim where plaintiff did not identify any policy provision that provided coverage for the claim under the facts alleged). Critically, Plaintiff does not attach the Policy, does not indicate which Policy provision was allegedly breached, and does not cite to any language from the Policy itself that entitled him to coverage. *See generally* Am. Pet. Instead, Plaintiff merely alleges that BCBSOK is "obligated" to cover services that are "medically necessary." Am. Pet., ¶¶ 26-28. Plaintiff states that his claim should have been covered pursuant to this "obligation" and, consequently, BCBSOK breached the Policy by

failing to cover the claim. Am. Pet., ¶¶ 29, 36. These assertions are "vague, conclusory, and deficient as a matter of law" and are insufficient to plead a plausible breach of contract claim. *Mantooth*, 2021 WL 256803 at *2. The breach of contract claim should be dismissed.

### B. Plaintiff Failed To Plead Sufficient Facts To Establish Bad Faith.

To make out a *prima facie* case against an insurance company for bad faith delay or denial of payment, a plaintiff must establish: (1) the insured was entitled to coverage under the insurance policy at issue; (2) the insurer had no reasonable basis for delaying or withholding payment; (3) the insurer did not deal fairly and in good faith with the claimant; and (4) the insurer's violation of its duty of good faith and fair dealing was the direct cause of the claimant's injury. *Toppins v. Minn. Life Ins. Co.*, No. 11-5062, 460 F. App'x 768, 771 (10th Cir. 2012) (applying Oklahoma law). The absence of any one of these elements defeats a bad faith claim. *Id.* Recovery for a bad faith claim requires a "clear showing" that the insurer acted unreasonably and in bad faith. *Id.*

Vague, conclusory allegations about an insurer's alleged conduct are insufficient to establish the elements of a bad faith claim. *A.B. ex rel. Blaik v. Health Care Serv. Corp.*, No. CIV-19-968-D, 2020 WL 4041120, at *4 (W.D. Okla. July 17, 2020) (citing *Duensing v. State Farm Fire & Cas. Co.*, 131 P.3d 127, 138 (Okla. Civ. App. 2006); *Badillo v. Mid Century Ins. Co.*, 121 P.3d 1080 (Okla. 2005)). In *A.B. ex rel. Blaik*, the court dismissed a bad-faith claim that was similarly devoid of factual detail that contained "several pages of lengthy, conclusory allegations." *Id.* at *6. There, the plaintiff "ma[de] only vague factual assertions," "point[ed] to no specific policy provision at issue, nor the amounts properly

owed under the contract," and "point[ed] to no facts as to specific claims made, failing to reference dates, amounts paid or owed, length of the delays, and the insurance company's specific response to the claims." *Id.* at *4. Because "[t]he pleadings d[id] not specify what the insurance company did that amount[ed] to an improper investigation of claims," the claim was dismissed.

Here, the Plaintiff's Amended Petition lacks factual allegations to support his claim, instead asserting only vague allegations that are insufficient to state a plausible claim for bad faith. *Id.* The Amended Petition points to no specific policy provision at issue, does not identify the amounts owed under the Policy, fails to state the length of the alleged delays caused by BCBSOK's denial, and does not include BCBSOK's specific response to either the claim or any of Plaintiff's appeals. *See generally* Am. Pet. Indeed, the Petition does not even allege any specific facts regarding BCBSOK's purported improper investigation of the claims. *A.B. ex rel. Blaik*, 2020 WL 4041120 at *4.

Instead, Plaintiff asserts "several pages of lengthy, conclusory allegations" that the court need not accept as true. *Id.* at 6; *Ashcroft*, 556 U.S. at 678 ("The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." (citation omitted)). For example, Plaintiff alleges that BCBSOK's decision was "contrary to established medical standards," but Plaintiff does not identify any relevant medical standards or specify how BCBSOK allegedly failed to comply with them. Am. Pet., ¶ 35. Similarly, Plaintiff alleges that BCBSOK "failed to consider Plaintiff's overall medical condition" and "ignor[ed] evidence," but does not describe any aspects of his condition or evidence that he submitted to BCBSOK that was not considered. *Id.* at ¶¶ 36,

38. Likewise, Plaintiff repeatedly alleges that BCBSOK violated Oklahoma law, but does not identify a single statute that BCBSOK failed to comply with or describe the conduct that violated these statutes. *Id.* at ¶¶ 33, 36, 37. Additionally, Plaintiff maintains that BCBSOK "improperly caused delays," but does not specify the date he first submitted his claim, the date by which BCBSOK should have acted, the cause of any alleged delays, or what made the delay improper. Each of these allegations are conclusory legal opinions that lack factual support and fail to explain the "standards" that BCBSOK purportedly violated. *Porter v. Farmers Ins. Co.*, 505 F. App'x 787, 793 (10th Cir. 2012) (affirming dismissal of bad faith claim under Oklahoma law where plaintiff merely pleaded that the insurer violated "industry standards" without describing the standards or pleading any factual support). Accordingly, these allegations are insufficient to state a claim for bad faith.

Additionally, many of Plaintiff's allegations, even if true, do not amount to bad faith under Oklahoma law. For instance, Plaintiff purports that BCBSOK acted in bad faith by "forcing [him] to initiate appeals" and implementing a "claims decision process that fails to establish and follow adequate standards for claims handling." Am. Pet., ¶¶ 32, 36. But these procedures are required under the Policy itself and cannot form the basis for a bad faith claim. Am. Pet., ¶¶ 23-25 (alleging that Plaintiff submitted claims and appeals "under the policy"); *Toppins*, 460 F. App'x at 772 (affirming judgment for insurer and holding that bad faith breach of an insurance contract cannot be based on the insurer's standard practices required under the Policy).

Likewise, Plaintiff alleges that BCBSOK failed to cover the treatment "despite appeals and the submission of evidence and information," but an insurer does not act in bad faith merely by denying a claim notwithstanding some evidence that may establish the right to coverage. *Thompson v. Shelter Mut. Ins.*, 875 F.2d 1460, 1462 (10th Cir. 1989) ("The insurer does not breach [its duty to deal fairly and act in good faith] by refusing to pay a claim or by litigating a dispute with its insured . . . ."). Rather, Plaintiff is required to establish that BCBSOK *knew* that denying the claim was unreasonable under the circumstances. *Toppins*, 460 F. App'x at 772 (emphasis added). Plaintiff has not made this showing, and Oklahoma law is clear that simply pleading that the defendant denied, or even "unreasonably" denied, payment is not enough to state a claim. *K2 Groceries, Inc. v. Emps. Mut. Cas. Co.*, No. CIV–14–1235–HE, 2015 WL 1015325, at **2-3 (W.D. Okla. Mar. 9, 2015) (dismissing complaint when plaintiff pled that defendant denied payment pursuant to the contract at issue and that defendant unreasonably delayed payment, but had not pled facts as to how the breach of contract was in bad faith); *Scheffler v. Am. Republic Ins. Co.*, No. 11-CV-0760-CVE-TLW, 2012 WL 602187, at *3 (N.D. Okla. Feb. 23, 2012) (dismissing complaint where plaintiff's bad faith claim was merely based on the fact that defendant denied payment under the contract at issue).

In sum, Plaintiff's conclusory allegations lack the factual support necessary to state a plausible claim for bad faith. *Daily v. USAA Cas. Ins. Co.*, No. CIV-14-0550-HE, 2014 WL 12729172, at **1-2 (W.D. Okla. Nov. 19, 2014) (dismissing bad faith claim where plaintiff alleged no specifics regarding the impropriety of insurer's investigation other than her disapproval of the amount she received); *Frey v. Companion Life Ins. Co.*, No. CIV-

16-911, 2016 WL 6310788, at *1 (W.D. Okla. Oct. 27, 2016) (dismissing bad-faith claim that "lacked sufficient factual allegations and w[as] merely duplicative of [the plaintiff's] breach of contract claim"); *Mantooth*, 2021 WL 256803 at *4 (dismissing bad-faith claim where plaintiff failed to allege any factual details regarding the claim handling process or what should have been done differently). Accordingly, Plaintiff's bad faith claim must be dismissed.

## V.    CONCLUSION

For the reasons stated herein, BCBSOK respectfully requests that the Court dismiss Plaintiff's Amended Petition in its entirety.

Dated:  July 23, 2021                     Respectfully submitted,

                                            s/ Kevin D. Gordon
                                            KEVIN D. GORDON, OBA #10826
                                            PAIGE A. MASTERS, OBA #31142
                                            **CROWE & DUNLEVY**
                                            A Professional Corporation
                                            Oklahoma City, OK 73102-8273
                                            (405) 235-7700
                                            (405) 239-6651 (Facsimile)
                                            kevin.gordon@crowedunlevy.com
                                            paige.masters@crowedunlevy.com

                                            –AND–

                                            MARTIN J. BISHOP
                                            ROBERT DEEGAN
                                            **REED SMITH LLP**
                                            10 S. Wacker Dr., Fourth Floor
                                            Chicago, Illinois 60606
                                            Telephone: (312) 207-1000
                                            Facsimile: (312) 207-6400
                                            mbishop@reedsmith.com
                                            rdeegan@reedsmith.com

DIANNA C. WYRICK
**REED SMITH LLP**
225 Fifth Avenue
Pittsburgh, PA 15222
Telephone: (412) 288-3131
Facsimile: (412) 288-3063
dwyrck@reedsmith.com

**ATTORNEYS FOR DEFENDANT BLUE CROSS AND BLUE SHIELD OF OKLAHOMA**

## CERTIFICATE OF SERVICE

I hereby certify that on this 23rd day of July, 2021, I electronically transmitted the foregoing document to the Court Clerk using the ECF system of filing, which will transmit a Notice of Electronic Filing to the following ECF registrants:

| | |
|---|---|
| **Justin D. Meek** | jmeek@46legal.com |
| **Thomas A. Paruolo** | tom@46legal.com |
| **Kevin Cunningham** | kcunningham@46legal.com |

s/ Kevin D. Gordon