**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| CHARLES ED LAIN, | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CASE NO. CIV-21-690-HE |
| vs. | ) | Judge Joe Heaton |
| | ) | |
| BLUE CROSS BLUE SHIELD OF | ) | |
| OKLAHOMA, a domestic unincorporated | ) | |
| Association, and HEALTH CARE SERVICE | ) | |
| CORPORATION, a foreign mutual legal | ) | |
| reserve Company, and FAMILY PRACTICE | ) | |
| ASSOCIATES OF ARDMORE, L.L.C. | ) | |
| | ) | |
| Defendants. | ) | |

**ANSWER OF THE DEFENDANT**
**FAMILY PRACTICE ASSOCIATES OF ARDMORE, LLC**

COMES NOW the defendant, Family Practice Associates of Ardmore, LLC,

("FPAA") and for its answer to Plaintiff's First Amended Petition, alleges and states

as follows:

1.     FPAA denies generally and specifically each and every material

allegation contained in Plaintiff's First Amended Petition, except such allegations as

are hereinafter specifically admitted.

2.     FPAA admits the allegations contained in paragraphs 11 and 12 of

Plaintiff's First Amended Petition.

3.     FPAA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 1, 17, 18, 19, 20, 21, 22, 23, 24, and 25 of Plaintiff's First Amended Petition.

4.     The allegations contained in paragraphs 2, 3, 4, 5, 6, 7, 8, 9, 10, 14, 15, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, and the first sentence of the "WHEREFORE" paragraph of Plaintiff's First Amended Petition do not pertain to FPAA, and therefore no response to them is called for by FPAA.

5.     In response to paragraph 44 of Plaintiff's First Amended Petition, FPAA adopts its specific and general responses to the Plaintiff's allegations and claims as set out elsewhere in this pleading.

6.     In response to paragraph 45 of Plaintiff's First Amended Petition, FPAA admits it provided medical care and treatment to the Plaintiff at various times. FPAA denies the remaining allegations contained in paragraph 45 of Plaintiff's First Amended Petition and denies any implication of negligence on its part contained in paragraph 45.

7.     FPAA denies the allegations contained in paragraphs 13, 16, 46, 47, 48, 49, 50 and the second and third sentences of the "WHEREFORE" paragraph of Plaintiff's First Amended Petition.

8.     FPAA denies the remaining allegations contained in Plaintiff's First Amended Petition.

9.     FPAA specifically denies that it or its employees and/or agents were negligent in any manner or at any time in the care and treatment of Charles Ed Lain.

The care and treatment of Charles Ed Lain was at all times and in every manner proper and within the applicable standard of care.

10.    FPAA specifically denies that any act or omission on its part, or on the part of FPAA's employees or agents, in the care and treatment of Charles Ed Lain was the proximate cause of any injury to Charles Ed Lain.

11.    FPAA specifically denies Charles Ed Lain sustained any injury or suffered any damages by reason of any alleged act or omission on FPAA's part or on the part of FPAA's employees or agents.

12.    Discovery being incomplete, FPAA specifically reserves the right to amend its answer or to add any additional defense as more information becomes available.

### Additional Defenses

FPAA sets forth below its additional defenses. By setting forth these defenses, FPAA does not assume the burden of proving any fact, issue, or element of a cause of action where such burden properly belongs to Plaintiff. Moreover, nothing stated herein is intended or shall be construed as an admission that any particular issue or subject matter is relevant to Plaintiff's claims or that Plaintiff's allegations have merit. FPAA reserves the right to assert additional defenses or matters constituting avoidance at such time and to such extent as warranted by discovery and the factual developments in this case.

For additional defenses, FPAA alleges and states:

13.     Plaintiff's First Amended Petition fails to state a claim against FPAA on any ground upon which relief can be granted.

14.     Any damages allegedly suffered by Charles Ed Lain were caused by Charles Ed Lain's voluntary assumption of the risk.

15.     Any damages allegedly suffered by Charles Ed Lain were caused or contributed by the acts, conduct, or negligence of Charles Ed Lain.

16.     Any damages allegedly suffered by Charles Ed Lain were caused or contributed to by Charles Ed Lain's failure to mitigate damages.

17.     Any damages allegedly suffered by Charles Ed Lain were caused by the acts or negligence of a person or persons other than FPAA, over whom FPAA exercised no control or supervision and with whom it had no legal relationship, and for whose acts or negligence it is not responsible.

18.     Any damages allegedly suffered by Charles Ed Lain were caused by other, unrelated physical or mental or personal conditions of Charles Ed Lain, for which FPAA is not responsible.

19.     Any damages allegedly suffered by Charles Ed Lain were caused by other, unrelated conditions or were the result of unforeseeable or unavoidable complications due to the underlying condition of Charles Ed Lain, for which FPAA is not responsible.

20.     Any damages allegedly suffered by Charles Ed Lain were caused by a pre-existing or post-developing unrelated medical condition, disease, illness,

infection, treatment, or lack of treatment of Charles Ed Lain, for which FPAA is not responsible.

21.     Any damages allegedly suffered by Charles Ed Lain as a result of any procedure were not caused by any negligence of FPAA, or FPAA's employees or agents, in the performance of the procedure.

22.     Lack of jurisdiction based upon in part based upon the arguments made in the pending motion to remand and response.  FPAA further believes the alleged claims against the defendants are distinctly different, severable, and therefore should be bifurcated.  If bifurcation with remand of FPAA, Oklahoma County is an improper venue and FPAA intends to seek transfer to Carter County.  FPAA further responds that Carter County falls within the jurisdiction of the United States District Court for the Eastern District of Oklahoma.

23.     Improper venue, in part based upon the arguments made in the pending motion to remand and response.  FPAA further believes the alleged claims against the defendants are distinctly different, severable, and therefore should be bifurcated.  If bifurcation with remand of FPAA, Oklahoma County is an improper venue and FPAA intends to seek transfer to Carter County.  FPAA further responds that Carter County falls within the jurisdiction of the United States District Court for the Eastern District of Oklahoma.

24.     Any damages suffered by Charles Ed Lain were caused by intervening or supervening causes for which FPAA is not responsible.

25.     Plaintiff's recovery, if any, should be reduced pursuant to the comparative negligence, fault, responsibility, or causation of others, including but not limited to, Charles Ed Lain.

26.     Plaintiff is not entitled to an award of attorneys' fees in the absence of a contract, statute or law authorizing such fees.

27.     Should FPAA be held liable to Plaintiff, which liability is specifically denied, FPAA would be entitled to a set off for the total of all amounts paid to Plaintiff from all collateral sources.

28.     The cause of any injury allegedly sustained by Charles Ed Lain which may have been the result of conduct which is illicit, criminal, or otherwise improper, FPAA cannot be held responsible.

29.     FPAA claims all of the limitations on damages and relief afforded by 23 O.S. §§ 13, 14, 15.

30.     FPAA claims all of the limitations on damages and relief afforded by 12 O.S. §§ 577.4, 832(H), and 3009.1.

WHEREFORE, having answered, FPAA prays the Plaintiff take nothing by reason of Plaintiff's First Amended Petition and that FPAA be dismissed herein with its costs.

Respectfully submitted,


/s/ Hilton H. Walters
Hilton H. Walters, OBA #12523
R. Gene Stanley, OBA # 20853
Kanton B. Vaverka, OBA #33631
WALTERS STANLEY & NATARAJAN, LLP
1017 NW 6th Street
Oklahoma City, OK 73106-7202
Telephone:    (405) 235-3800
Facsimile:     (405) 235-5800
hwalters@medicaldefense.law
gstanley@medicaldefense.law
kvaverka@medicaldefense.law

**Attorneys for Defendant,**
**Family Practice Associates**
**Of Ardmore, LLC**


CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of September 2021, I electronically transmitted the foregoing ANSWER OF THE DEFENDANT FAMILY PRACTICE ASSOCIATES OF ARDMORE, LLC to the Clerk of the Court using the Electronic Case Filing System for filing.  Based on the records currently on file in this case, the Clerk of the Court will transmit a Notice of Electronic Filing to all registered participants of the ECF System who have entered appearances.


**/s/ Hilton H. Walters**
Hilton H. Walters