IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

(1)    JOSH BOYD, Personal Representative )
Of the Estate of )
CHARLES EDWARD LAIN, Deceased; )
)
              Plaintiff, )
)
v. )    Case No. CIV-21-0690-HE
)
(1)    BLUE CROSS AND BLUE SHIELD )
OF OKLAHOMA, a domestic )
unincorporated association, and, )
(2)    HEALTH CARE SERVICE )
CORPORATION, a foreign mutual legal )
reserve company, and, )
(3)    FAMILY PRACTICE ASSOCIATES OF )
ARDMORE, L.L.C., )
)
              Defendants. )

## FIRST AMENDED COMPLAINT

Plaintiff Josh Boyd, as Personal Representative of the Estate of Charles Edward Lain, Deceased, pursuant to Fed. R. Civ. P. 15(a)(1)(B), submits his First Amended Complaint. For his causes of action against Defendants Blue Cross and Blue Shield of Oklahoma, Health Care Service Corporation, and Family Practice Associates of Ardmore, LLC, alleges and states as follows:

### JURISDICTION AND VENUE

1.    Charles Edward Lain died of cancer on August 25, 2021.

2.    At the time of his death, Charles Edward Lain was an individual, resident and citizen of Love County, State of Oklahoma.

3. On or around December 2, 2021, the Last Will and Testament of Charles Edward Lain was admitted to Probate and Josh Boyd was appointed to serve as Personal Representative of the Estate of Charles Edward Lain, Deceased; District Court of Love County, State of Oklahoma, Case No. PB-2021-55. Letters Testamentary issued to Josh Boyd the same day.

4. This First Amended Complaint is based on recent developments involving all Defendants and involves the addition of claims relating to wrongful death against all Defendants, a claim that has not previously been plead in this Court or in the predecessor state court action against all Defendants. For procedural context, Plaintiff submits the following:

   a. On May 28, 2021, Charles Lain (now deceased; hereafter "Decedent Lain") first filed his Petition in the District Court of Oklahoma County, CJ-2021-2329 against the Blue Cross Blue Shield of Oklahoma and Health Care Service Corporation Defendants.

   b. On June 21, 2021, after it became apparent Mr. Lain would not survive the loss of chance caused by the misdiagnosis of his cancer by Family Practice Associates of Ardmore, LLC, he amended his Petition to name Family Practice Associates of Ardmore, LLC as a Defendant. The Petition was not amended to include a wrongful death cause of action because Mr. Lain had not yet perished.

    c. Following the filing of the Amended state Court Petition, Defendant Health Care Service Corporation removed the state law case to the Western District of Oklahoma.

    d. Following removal of the state law case to this Court, this Court severed the claims against Family Practice Associates of Ardmore, LLC from the claims against Blue Cross Blue Shield and Health Care Service Corporation and the claims against Family Practice Associates were sent back to state court.

    e. Family Practice Associates then filed a properly pleaded Motion to Dismiss the state law claim for lack of venue in Oklahoma County because venue was no longer proper in Oklahoma County once the claims were severed.

    f. As a result of Family Practice Associates of Ardmore's Motion to Dismiss, Plaintiff voluntarily dismissed without prejudice the Oklahoma state court cause of action against Family Practice Associates. As such, there is no pending lawsuit against Family Practice Associates.

5. Defendant Blue Cross and Blue Shield of Oklahoma ("BCBS") operates under the common name Blue Cross Blue Shield of Oklahoma in the state of Oklahoma as an unincorporated division of Defendant Health Care Service Corporation, a mutual legal reserve company.

6. Defendant BCBS is an entity comprised entirely of thousands of Oklahoma members, policyholders, and citizens and is therefore a citizen of the State of Oklahoma.

7. Defendant BCBS maintains headquarters in Oklahoma and issues and underwrites insurance policies in every county in Oklahoma.

8. Defendant BCBS has its own company President and officer that is responsible for the overall strategic direction of BCBS, including operations, sales and account management, network management, health care management, medical policy and external affairs.

9. As an unincorporated association in the State of Oklahoma, Defendant BCBS may be served with process by delivering a copy of the summons and Complaint to an officer, a managing or general agent located at 1400 South Boston, Tulsa, Oklahoma, 74119.

10. Under Oklahoma law, unincorporated associations like BCBS have the capacity to sue or to be sued in the State of Oklahoma.

11. Defendant Health Care Service Corporation is an Illinois mutual legal reserve company with a division doing business in the State of Oklahoma as Blue Cross Blue Shield of Oklahoma ("BCBS"), an unincorporated association.

12. Defendant Health Care Service Corporation maintains a "strong local presence" by "maintaining a large employee presence in each of our states" including Oklahoma. See https://www.hcsc.com/who-we-are/overview.

13. Defendant Health Care Service Corporation is a self-proclaimed policyholder-owned entity with policyholders located throughout the state of Oklahoma.

14. Defendant Health Care Service Corporation is an independent licensee of Blue Cross Blue Shield of Oklahoma.

15. Defendant Blue Cross Blue Shield is an Oklahoma entity and has its principal place of business in Oklahoma.

16. Defendants Health Care Service Corporation and Blue Cross Blue Shield conduct business in the state of Oklahoma.

17. Defendant Health Care Service Corporation is authorized to transact business within the State of Oklahoma and may be served with process through its service agent, Glen Mulready, Oklahoma Insurance Commissioner, 400 N.E. 50th Street, Oklahoma City, Oklahoma 73105.

18. Defendant Family Practice Associates of Ardmore, LLC ("FPA") is an Oklahoma limited liability company with its principal place of business in Ardmore, Carter, County, Oklahoma.

19. Defendant FPA provided medical care to Decedent Lain during relevant times to the allegations contained in this First Amended Complaint.

20. The facts and causes of actions against all Defendants arose out of the same transactions or occurrences, including Decedent Lain's cancer diagnosis, treatment, personal injuries, and eventual wrongful death.

21. Prior to the filing of this Amended Complaint, jurisdiction and venue were proper against Defendants Blue Cross Blue Shield of Oklahoma and Health Care Service Corporation in the United States District Court in and for the Western District of Oklahoma pursuant to 28 U.S.C. §§ 1332, 1441.

## FACTS RELEVEANT TO ALL CAUSES OF ACTION

22. At all times relevant to this matter, Decedent Lain was insured by Defendants Blue Cross and Blue Shield of Oklahoma and Health Care Service Corporation

(the "Blue Cross Defendants") under an individual, health insurance policy, Group No: OG1800, Member ID: YUQ927727581 (the "Policy").

23. The Policy, and all state law claims and causes of action arising out of and related to the Policy, are exempt from ERISA preemption.

24. In July 2019, Decedent Lain was diagnosed with anal cancer after being negligently treated and negligently diagnosed by Defendant Family Practice Associates of Ardmore for months.

25. Due to various factors impacting Decedent Lain's health and safety, his treating oncologist determined that his cancer should be treated utilizing Proton Beam Therapy radiation treatment ("PBT").

26. The treating oncologist believed PBT would provide a therapeutic (i.e. curable) treatment for Decedent Lain's cancer despite the initial misdiagnosis of Decedent Lain's cancer and despite the delay in starting the appropriate PBT treatment.

**BAD FAITH CAUSE OF ACTION AGAINST DEFENDANTS BLUE CROSS BLUE SHIELD OF OKLAHOMA AND HEALTH CARE SERVICE CORPORATION**

27. Plaintiff adopts, incorporates by reference, and re-alleges the allegations contained in Paragraphs 1-27 of Plaintiff's First Amended Complaint as if fully set forth herein.

28. Decedent Lain submitted a claim for insurance coverage and benefits under the Policy for treatment of his life-threatening cancer utilizing PBT.

29. On August 21, 2019, the Blue Cross Defendants denied Decedent Lain's claim for PBT.

30. On August 23, 2019, Decedent Lain submitted an urgent appeal of BCBS's denial, which included a letter from MD Anderson Cancer Center in support of coverage for the recommended PBT treatment.

31. On or about August 26, 2019, Decedent Lain initiated an external review appeal, which included the appeal letter from MD Anderson containing information and evidence in support of coverage for the recommended treatment.

32. Decedent Lain's external review and appeal to the Blue Cross Defendants were denied on August 30, 2019.

33. As a result of Defendants BCBS and HCSC's denial of PBT and the resulting sham appeals, Decedent Lain's medically necessary PBT treatment was not only delayed, but ultimately resulted in Decedent Lain receiving a lesser form of radiation treatment.

34. PBT is one of the most precise forms of highly conformal external beam radiation therapy available today.

35. Due to the location of Decedent Lain's cancer and its proximity to other critical structures and organs, PBT allows for the radiation beams to deposit their energy at a finite and adjustable depth, minimizing the radiation damage to other healthy tissues and organs.

36. In contrast, photon radiation therapy like intensity modulated radiation therapy ("IMRT") does not stop at affected tissue and organs and therefor causes greater damage to other tissues and organs exposed to the radiation spray.

37. In their claim and appeal submissions to Defendants Blue Cross Blue Shield and Health Care Service Corporation, Decedent Lain's medical providers cautioned against these potential consequences of IMRT and the better treatment option of PBT.

38. Despite these efforts, and as a result of the denial, Decedent Lain had no time to further challenge the denial nor the funds necessary to pay for PBT so he began receiving the IMRT treatment.

39. Decedent Lain exhausted all appeals and reviews, internal and external, of his claim under the Policy.

40. At all times, Decedent Lain complied with the terms of the insurance policy required for coverage.

41. Decedent Lain properly submitted a claim for health insurance benefits under the insurance policy.

42. The Blue Cross Defendants owed Decedent Lain specific obligations under the terms of the insurance policy.

43. Specifically, the Blue Cross Defendants are obligated to pay for medical treatment and other covered services under the terms of the insurance policy.

44. The Blue Cross Defendants are obligated to pay for medical treatment that is medically necessary and not experimental or investigational.

45. The PBT recommended for Decedent's Lain cancer is medically necessary and is not experimental or investigational and was therefore covered under Decedent Lain's Policy.

46. The Blue Cross Defendants were provided specific information and evidence by Decedent Lain's doctors and medical providers establishing that the recommended treatment is necessary given Decedent Lain's medical condition.

47. The Blue Cross Defendants failed to cover the treatment recommended by Plaintiff's doctors, despite appeals and the submission of evidence and information establishing that the required treatment is the standard of care for Decedent Lain's condition.

48. The Blue Cross Defendants have improperly caused delays in medical treatment for Decedent Lain by delaying claim decisions or arbitrarily denying claims and forcing Decedent Lain to initiate appeals.

49. The acts and omissions of the Blue Cross Defendants, in the investigation, evaluation and decision on Decedent Lain's claims were unreasonable, improper, and in violation of the terms of the Policy and applicable law.

50. The Blue Cross Defendants, as insurers, owe Decedent Lain, as an insured, a duty to deal fairly and act in good faith under Oklahoma law.

51. The acts and omissions of the Blue Cross Defendants in the investigation, evaluation, delay and decision on Decedent Lain's claims were unreasonable, improper, contrary to established medical standards, and constitute bad faith for which extra-contractual damages are claimed.

52. The Blue Cross Defendants breached the contract and acted unreasonably and in bad faith by:

   a. failing to cover Decedent Lain's claims,

    b. refusing to pay for Decedent Lain's PBT treatment,

    c. forcing Decedent Lain to initiate appeals without providing reasonable and adequate consideration of the information submitted by or on Decedent Lain's behalf as part of said appeals,

    d. improperly and arbitrarily denying coverage for medical treatments,

    e. ignoring evidence that the recommended treatment has been established as the medical standard of care,

    f. violating Oklahoma statutes regarding proton beam therapy and medical reviews,

    g. supplanting Defendants' own interests ahead of the interests of its insured, and

    h. otherwise implementing and executing a claims decision process that fails to establish and follow adequate standards for claims handling.

53. The Blue Cross Defendants failed to handle Decedent Lain's claim consistent with Oklahoma law applicable to the specific treatment recommended by Decedent Lain's treating physicians and for which Defendant denied coverage.

54. The Blue Cross Defendants wrongfully denied Decedent Lain's claim based on incorrect and outdated information and failed to consider Decedent Lain's overall medical condition.

55. As a result of the wrongful denial of coverage for PBT, Decedent Lain was treated with IMRT and for more than a year, Decedent Lain endured significant pain and suffering, including resultant issues with his prostate, bladder, and appendix that ultimately

required a complete enterotomy due to the failure to kill the cancer with IMRT and/or the spread of radiation to these other organs.

56. Ultimately, Decedent Lain passed away after enduring severe pain and suffering and emotional distress in the year following his initial cancer treatment with IMRT.

57. The Blue Cross Defendants failed to properly consider and apply Oklahoma laws applicable to Decedent Lain's recommended treatment and resulting claim for insurance benefits.

58. The Blue Cross Defendants recklessly disregarded its duty to deal fairly and act in good faith as its conduct was unreasonable and there was a high probability that the denial of Decedent Lain's claims would cause serious harm to Decedent Lain.

59. As a direct and proximate result of the Blue Cross Defendants' bad faith, Decedent Lain has suffered damages in excess of $75,000.00, including pain and suffering, mental anguish, loss of reputation, embarrassment, and personal injuries.

60. In addition, Decedent Lain died as a result of his inability to receive the recommended PBT claim that was wrongfully denied by the BCBS Defendants.

61. Upon information and belief, the BCBS Defendants caused and/or contributed to Decedent Lain's Loss of Chance due in part to the wrongful denial of the appropriate treatment and the delay associated with failing to approve the claim for PBT and the related sham appeals.

62. The acts and omissions of the Blue Cross Defendants in the handling of Decedent Lain's claim were with reckless disregard for the rights of others and/or were

done intentionally and with malice and/or were life threatening to humans, therefore, Plaintiff is entitled to recover punitive damages.

63. Alternatively, the acts of omissions of the Blue Cross Defendants in handling Decedent Lain's claims were with reckless disregard for the rights of others and/or were done intentionally and with malice and/or were life threatening to humans, therefore, Plaintiff is entitled to recover punitive damages.

**NEGLIGENCE CAUSE OF ACTION AGAINST
DEFENDANT FAMILY PRACTICE ASSOCIATES**

64. Plaintiff adopts, incorporates by reference, and re-alleges the allegations contained in Paragraphs 1-63 of Plaintiff's First Amended Complaint as if fully set forth herein.

65. In the months prior to Decedent Lain's diagnosis with Stage 3 cancer, Defendant FPA provided diagnostic and therapeutic medical services to Plaintiff, including but not limited to examination and treatment of the area where Decedent Lain was ultimately diagnosed with cancer.

66. Prior to a proper and correct diagnosis, the tumor was examined by FPA and its agents and employees and was misdiagnosis and mistreated as another, less serious medical condition.

67. The cancerous tumor should have been obvious to Defendant FPA and should have resulted in an immediate referral to an oncologist for examination and treatment plan.

68. Defendant FPA's care and treatment of Decedent failed to apply with the appropriate standard of care.

69. As a direct and approximate result of Defendant FPA's negligence, Plaintiff's cancer treatment was not treated in a timely manner and resulted in a Loss of Chance.

70. Along with the BCBS Defendants, Defendant FPA caused and/or contributed to the Loss of Chance for Decedent Lain due to the initial misdiagnosis and resulting delay in a correct diagnosis of Decedent Lain's condition.

71. As a result, Plaintiff has incurred damages in an amount in excess of $75,000.00.

**WRONGFUL DEATH CAUSE OF ACTION AGAINST FAMILY PRACTICE ASSOCIATES AND BLUE CROSS DEFENDANTS**

72. Plaintiff adopts, incorporates by reference, and re-alleges the allegations contained in Paragraphs 1-71 of Plaintiff's First Amended Complaint as if fully set forth herein.

73. Decedent Charles Edward Lain was admitted to the care, custody, and control of FPA as a patient prior to his stage 3 cancer diagnosis. By virtue of the acceptance by FPA of decedent as a resident, said Defendants owed Decedent a duty to furnish him that knowledge, skill, and care that is used in similar cases and circumstances by health care providers in communities having similar standards and available facilities.

74. Defendant FPA breached its duty to Decedent Lain by failing to provide adequate diagnostic and therapeutic medical services to Decedent Lain, including but not

limited to examination and treatment of the area where Decedent Lain was ultimately diagnosed with stage 3 cancer.

75. Prior to a proper and correct diagnosis, Decedent's tumor was examined by FPA and its agents and employees and was misdiagnosis and mistreated as another, less serious medical condition.

76. The cancerous tumor should have been obvious to Defendant FPA and should have resulted in an immediate referral to an oncologist for examination and treatment plan.

77. The actions and/or omissions of FPA in treating Decedent Charles Edward Lain caused or contributed to his wrongful death on August 25, 2021.

78. For its part, the Blue Cross Defendants participated in Decedent's care as an insurer payor, processing claims for benefits under the Policy for treatment sought by Charles Edward Lain following his stage 3 cancer diagnosis.

79. The Blue Cross Defendants wrongfully denied Decedent Lain's claim for PBT based on incorrect and outdated information and failed to properly consider Decedent Lain's overall medical condition.

80. Unable to secure the needed PBT treatment in light of the Blue Cross Defendants' denial of his claim, Decedent's condition deteriorated badly, resulting in his death on August 25, 2021.

81. The actions and/or omissions of the Blue Cross Defendants in denying Decedent's claim for PBT resulted in the wrongful death of Charles Edward Lain.

82. Both FPA and the Blue Cross Defendants are responsible for Decedent Charles Edward Lain's wrongful death due to:

(a) Inadequate assessment, evaluation, and management of the effect on decedent's health;

(b) Defendants negligently permitted the life-threatening conditions to develop without rendering appropriate remedial or curative treatment despite their knowledge that if these conditions continued; said conditions would pose a severe threat to decedent's health and life. Despite the grave situation posed to decedent by these life-threatening conditions, Defendants refused to take the appropriate action necessary to prevent the development of the life threatening conditions.

83. As a direct and proximate result of this negligence and gross negligence on the part of all Defendants, Decedent died on August 25, 2021.

84. Oklahoma's wrongful death statute, 12 O.S. § 1053, states, "when the death of one is caused by the wrongful act or omission of another, the personal representative of the former may maintain an action therefor against the latter, or his or her personal representative if he or she is also deceased, if the former might have maintained an action, had he or she lived, against the latter, or his or her representative, for an injury for the same act or omission.§ 1053(A).

85. The damages recoverable in wrongful death actions include (1) medical and burial expenses; (2) loss of consortium and grief of the surviving spouse; (3) mental pain and anguish suffered by the decedent; (3) pecuniary loss to the survivors; and (4) grief and

loss of companionship of the children and parents of the decedent. See 12 OKLA. STAT. § 1053(B).

86.   As a result of combined acts and omissions of Defendant FPA and the Blue Cross Defendants, Decedent Lain sustained mental pain and anguish for a year following his misdiagnosis by Defendant FPA and due to the denial of the appropriate treatment by the BCBS Defendants.

87.   As a result of actions / omissions of Defendant FPA and the Blue Cross Defendants leading to the wrongful death of decedent, his estate incurred medical and funeral expenses due to her injury and death that have become a charge against the estate resulting in damages in excess of seventy-five thousand dollars ($75,000.00).

WHEREFORE, Plaintiff prays for judgment against the Blue Cross Defendants for his claims of wrongful death, breach of contract and bad faith, for compensatory and punitive damages, together with court costs, attorneys' fees, interest, and any further relief the Court deems just and equitable.  Plaintiff also prays for judgment against Defendant FPA for his claim of wrongful death and negligence, for its compensatory damages, together with court costs, attorneys' fees, interest, and any further relief the Court deems just and equitable under the circumstances.

/s/Justin D. Meek
Thomas A. Paruolo, OBA #18442
Justin D. Meek, OBA #21294
Kevin Cunningham, OBA #22117
Benjamin R. Grubb, OBA #31569
DeWITT, PARUOLO & MEEK
705 N.W. 4th Street
Oklahoma City, Oklahoma 73102
*mailing address:*
P.O Box 138800
Oklahoma City, Oklahoma 73113
Telephone: (405) 705-3600
Facsimile: (405) 705-2573
Email: tom@46legal.com
jmeek@46legal.com
kcunningham@46legal.com

***ATTORNEYS FOR PLAINTIFF***

**JURY TRIAL DEMANDED**
**ATTORNEY LIEN CLAIMED**

**CERTIFICATE OF SERVICE**

I hereby certify that on the 23rd day of August 2022, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

Kevin D. Gordon, OBA
Paige A. Masters, OBA
CROWE & DUNLEVY
kevin.gordon@crowedunlevy.com
paige.masters@crowedunlevy.com

Martin Bishop
Robert Deegan
Dianna Wyrick
REED SMITH LLP
mbishop@reedsmith.com
rdeegan@reedsmith.com

***Attorneys for Defendant Blue Cross and Blue Shield of Oklahoma***

                                         *s/Justin Meek*